IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JAMI MAYHEW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-CV-2177-RJD |
| | ) | |
| GENERAL MEDICINE, PC and THOMAS M PROSE, | ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on the Motion to Quash Subpoena (Doc. 66) filed by Sandberg Phoenix and von Gontard P.C. Plaintiff filed a Response (Doc. 77). The Motion is **GRANTED IN PART AND DENIED IN PART**.

On December 14, 2018, Plaintiff commenced this action pursuant to the Fair Labor Standards Act, the Illinois Minimum Wage Law, and the Illinois Whistleblower Act. On October 29, 2019, Plaintiff emailed a Notice of Subpoena and an attached Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises to Attorney Courtney Cox to the law firm of Sandberg Phoenix and von Gontard ("SPvG"). The subpoena seeks production of the following:

1. Any and all non-privileged documents and/or communications, between Courtney Cox and other attorneys presently or formerly employed by Sandberg Phoenix & Von Gontard P.C. regarding Jami Mayhew preceding the filing of the instant lawsuit.

2. Any and all non-privileged documents and/or communications referencing Jami Mayhew in any manner.

3. Any and all documents and/or communications between Courtney Cox and Jami Mayhew.

4. Any and all documents and/or communications between any other attorney presently or formerly employed by Sandberg Phoenix & Von Gontard P.C. and Jami Mayhew.

5. Any and all documents and/or communications reflecting legal advice provided by Courtney Cox directly or indirectly to Jami Mayhew.

6. Any and all documents and/or communications reflecting legal advice provided by any other attorney presently or formerly employed by Sandberg Phoenix & Von Gontard P.C. directly or indirectly to Jami Mayhew.

7. Any and all documents and/or communications between Courtney Cox and any current or former employee of General Medicine, P.C., including but not limited to, doctors, registered nurses, and/or nurse practitioners, regarding Jami Mayhew preceding the filing of the instant lawsuit.

8. Any and all documents and/or communications between any other attorney presently or formerly employed by Sandberg Phoenix & Von Gontard P.C. and any current or former employee of General Medicine, P.C., including but not limited to, doctors, registered nurses, and/or nurse practitioners, regarding Jami Mayhew preceding the filing of the instant lawsuit.

9. Any and all documents and/or communications between Courtney Cox and state or federal investigators, including but not limited to the United States Attorney's Office for the Southern District of Illinois, regarding Jami Mayhew preceding the filing of the instant lawsuit.

10. Any and all documents and/or communications between any other attorney presently or formerly employed by Sandberg Phoenix & Von Gontard P.C. and state or federal investigators, including but not limited to the United States Attorney's Office for the Southern District of Illinois, regarding Jami Mayhew preceding the filing of the instant lawsuit.

SPvG argues the subpoena appears to be an attempt to gather sufficient facts to disqualify Attorney Cox and his firm from representing Defendants. SPvG asserts it is highly irregular to subpoena "documents and/or communications" directly from an opposing party's attorney, rather than ask opposing parties for documents and information. Additionally, SPvG argues the subpoena is overly broad and burdensome.

Plaintiff asserts the information sought in the subpoena is discoverable, as it may lead to information relevant to her claims arising under the Illinois Whistleblower Act ("IWA"), as well as the issue of possible disqualification of Attorney Cox. Plaintiff alleges Defendants retaliated against her after she participated in a federal and state investigation into claims of Medicare and/or Medicaid fraud committed by Defendant General Medicine. Attorney Cox has represented General Medicine throughout the course of the investigation. Plaintiff states that in connection with the federal investigation, General Medicine retained attorney Theodore MacDonald of HeplerBroom to represent her, and that MacDonald was in contact with Cox during the course of his representation and that there was a potential "joint defense agreement" regarding the representation of Plaintiff. Additionally, Plaintiff attaches exhibits of text message exchanges between herself and General Medicine's Rebecca Coccia which indicate Ms. Coccia referred to Cox as "our attorney."

Under the Federal Rules of Civil Procedure, "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* The Seventh Circuit has recognized a trial court's "broad discretion over discovery matters." *Spiegla v. Hull*, 371 F.3d 928, 944 (7th Cir. 2004).

The Court finds it useful to group the requests into four groups:

**Internal documents of the law firm**

1. Any and all non-privileged documents and/or communications, between Courtney Cox and other attorneys presently or formerly employed by Sandberg Phoenix & Von Gontard P.C. regarding Jami Mayhew preceding the filing of the instant lawsuit.

2. Any and all non-privileged documents and/or communications referencing Jami Mayhew in any manner.

SPvG objects to these requests arguing they are overly broad, and it would be unduly burdensome to produce any document "referencing Jami Mayhew" in any manner. Counsel is in possession of thousands of pages of documents including medical records which were created by, or reference, Plaintiff. Plaintiff argues the request is not overly broad or unduly burdensome, but states she is amenable to limiting the time frame from the date on which General Medicine first learned of the investigation concerning Medicare and/or Medicaid fraud through the date of filing the instant lawsuit.

The Court finds these two requests are not relevant to material issues of this case. Plaintiff's willingness to limit the timeframe does not remedy the fact that the requests are overly broad, and the burden of production outweighs its likely benefit.

**Documents/Communications with Plaintiff Jami Mayhew**

3. Any and all documents and/or communications between Courtney Cox and Jami Mayhew.

4. Any and all documents and/or communications between any other attorney presently or formerly employed by Sandberg Phoenix & Von Gontard P.C. and Jami Mayhew.

5. Any and all documents and/or communications reflecting legal advice provided by Courtney Cox directly or indirectly to Jami Mayhew.

6. Any and all documents and/or communications reflecting legal advice provided by any other attorney presently or formerly employed by Sandberg Phoenix & Von Gontard P.C. directly or indirectly to Jami Mayhew.

SPvG argues that to the extent any documents or communications exist, Plaintiff would be in possession and, therefore, it is unnecessary to subpoena them from counsel. Plaintiff asserts that whether she is in possession of any of the documents is not a basis to refuse production.

The Court finds these requests may produce information relevant to Plaintiff's claims and production is not likely to be unduly burdensome. SPvG has asserted that representation of Plaintiff during the investigation was limited, therefore, production of documents and communications reflecting legal advice should not be overly burdensome.

**Documents/Communications with employees of the client, General Medicine**

7. Any and all documents and/or communications between Courtney Cox and any current or former employee of General Medicine, P.C., including but not limited to, doctors, registered nurses, and/or nurse practitioners, regarding Jami Mayhew preceding the filing of the instant lawsuit.

8. Any and all documents and/or communications between any other attorney presently or formerly employed by Sandberg Phoenix & Von Gontard P.C. and any current or former employee of General Medicine, P.C., including but not limited to, doctors, registered nurses, and/or nurse practitioners, regarding Jami Mayhew preceding the filing of the instant lawsuit.

SPvG argues these requests implicate privilege concerns, as they improperly seek documents/communications between the law firm and employees of its client General Medicine. Additionally, SPvG argues the requests are overly broad and unduly burdensome. Plaintiff argues each and every communication concerning Plaintiff with General Medicine employees would not be privileged.

The Court finds these two requests are overly broad, not relevant to material issues of this case, and the burden of production outweighs its likely benefit.

**Documents/Communications between the law firm and the USAO and investigators**

9. Any and all documents and/or communications between Courtney Cox and state or federal investigators, including but not limited to the United States Attorney's Office for the Southern District of Illinois, regarding Jami Mayhew preceding the filing of the instant lawsuit.

10. Any and all documents and/or communications between any other attorney presently or formerly employed by Sandberg Phoenix & Von Gontard P.C. and state or federal

investigators, including but not limited to the United States Attorney's Office for the Southern District of Illinois, regarding Jami Mayhew preceding the filing of the instant lawsuit.

SPvG agreed to provide the requested information in accordance with the Court's prior Order.

Based on the foregoing, SPvG's Motion to Quash (Doc. 66) is **GRANTED IN PART AND DENIED IN PART**. Sandberg Phoenix and von Gontard P.C. is **ORDERED** to produce documents responsive to requests #3-6 no later than **December 30, 2019**.

**IT IS SO ORDERED.**

**DATED:** **December 16, 2019**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**